UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, ) ) ) | |
| Plaintiff, ) ) | Case No. 3:12-cv-1041 |
| v. ) ) | Judge Trauger |
| THREE RIVERS OF RUTHERFORD, LLC, HAYSVILLE ESTATES, LLC, VICTOR BISHARA, CLAIR D. VANDERSCHAAF, PATRICIA VANDESCHAAF, and JACK H. WELLS, JR. and STAN WELLS, as the heirs at law and representatives of JACK H. WELLS, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the court is a Motion for Summary Judgment (Docket No. 68) filed by the plaintiff, Travelers Casualty & Surety Company of America ("Travelers"), to which the remaining defendants in the case, Jack H. Wells, Jr. and Stan Wells (the "Substituted Defendants"), have filed a Response in opposition (Docket No. 78), and Travelers has filed a Reply (Docket No. 93). For the reasons discussed herein, the plaintiff's motion will be denied without prejudice.

## BACKGROUND

**I. Factual Overview**[1]

---

[1] The facts are drawn from Travelers' Statement of Undisputed Facts (Docket No. 68, Ex. 2) and the plaintiff's responses thereto (Docket No. 77), as well as the exhibits filed in support of the parties' briefs (Docket No. 68, Ex. 1; Docket No. 76; Docket No. 78, Exs. 1-5). At the summary judgment stage, the court draws all inferences in the light most favorable to the non-

1

This lawsuit involves a dispute related to an Indemnity Agreement executed by the Substituted Defendants' father, Jack H. Wells, Sr. ("Wells"). Wells was an original defendant in this matter, but he passed away during the pendency of the lawsuit. (Docket No. 41.) His sons were substituted in his place as his heirs at law and are the only remaining defendants in the action. (Docket Nos. 49, 109 (noting dismissal of all other defendants).)

On December 17, 2004, Wells executed an Agreement of Indemnity in favor of Travelers (the "Indemnity Agreement"). In consideration of the execution of the Indemnity Agreement, Travelers issued, *inter alia*, three bonds (the "Improvement Bonds") on behalf of Three Rivers of Rutherford, LLC ("Three Rivers" or the "Principal"), in favor of the City of Murfreesboro as obligee (the "City"), and in connection with the development of the Three Rivers Planned Development Project (the "Three Rivers Project" or "Project"). Also in consideration of the Indemnity Agreement, Travelers issued three bonds (the "Sewer Bonds") on behalf of Three Rivers, in favor of the City as obligee, and in connection with sanitary sewer lines on the Three Rivers Project.

The City asserted claims against Travelers as a result of an alleged default by Three Rivers in relation to the Project. Travelers investigated the City's claims and made payment to the City in the amount of $216,254.43. In a letter dated April 13, 2011, the City further demanded that Travelers pay an additional sum of $845,725.00 under the Improvement Bonds with respect to Three Rivers' alleged default. In a letter dated February 4, 2013, the City further demanded that Travelers pay an additional sum of $41,098.83 under the Sewer Bonds with respect to Three Rivers' alleged default.

---

moving party—here, the Substituted Defendants. *See Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009).

In a letter dated March 27, 2012, Travelers demanded that Wells indemnify and collateralize Travelers pursuant to the terms of the Indemnity Agreement. It is undisputed that Wells and the Substituted Defendants have not reimbursed Travelers for any of its claims of loss and have not deposited any collateral with Travelers relative to anticipated future loss.

## II. The Action

On October 11, 2012, Travelers filed a complaint in this action, naming Wells, Victor Bishara, Haysville Estates, LLC, Three Rivers of Rutherford, LLC, Clair D. Vanderschaaf, and Patricia Vanderschaaf as defendants (together, the "Indemnitors"). (Docket No. 1.) The Complaint alleged a breach of the Indemnity Agreement and requested relief in the form of money damages. (*Id.*) On December 28, 2012, Travelers filed a Motion for Default Judgment as to Three Rivers, Haysville Estates, Victor Bishara, and Clair D. Vanderschaaf (the "Non-Answering Defendants") (Docket No. 15), which the clerk entered on February 11, 2013 (Docket No. 37).[2]

Wells answered the Complaint on January 31, 2013. (Docket No. 30.) On March 8, 2013, his son, Stan Wells, filed a Suggestion of Death upon the Record as to Wells. (Docket No. 39.) Travelers subsequently filed a Motion to Substitute Messrs. Stan Wells and Jack H. Wells, Jr. for their deceased father on April 8, 2013, and the court granted the motion on April 23, 2013. (Docket Nos. 41, 43.)

On July 9, 2013, Travelers filed an Amended Complaint with the court's permission. (Docket Nos. 58-59.) The Amended Complaint includes (1) a claim for specific performance of

---

[2] A default judgment was entered against the Non-Answering Defendants on May 20, 2013. (Docket No. 49.)

the Indemnity Agreement, demanding that the Substituted Defendants deposit collateral security with Travelers in the amount of $1,220,430 and (2) a claim for breach of the Indemnity Agreement, requesting that the court enter judgment against the Substituted Defendants in an amount of over $250,000.

Following the filing of the Amended Complaint, the court held a case management conference and issued an Amended Initial Case Management Order. The Order directed that the parties' amended pleadings be filed by November 1, 2013, and that discovery and dispositive motions be filed by February 28, 2014. (Docket No. 64.)

On September 16, 2013 (over five months in advance of the court's deadline for dispositive motions), Travelers filed the pending Motion for Summary Judgment. (Docket No. 68.) The Substituted Defendants filed a Response in opposition on October 28, 2013, in which they request additional discovery, including expert witness discovery, as to a variety of issues. (Docket No. 78.) Travelers filed a Reply on January 10, 2014, opposing the Substituted Defendants' requests for additional discovery and arguing in support of its motion. (Docket No. 93.)

## ANALYSIS

### I. Overview

Travelers' claims for specific performance and recovery of its actual losses are premised primarily upon the express terms of the Indemnity Agreement, which sweepingly protect Travelers from loss at the expense of the Indemnitors and require the Indemnitors, upon demand, to deposit with Travelers as collateral an amount (determined by Travelers) sufficient to discharge any loss or anticipated loss. The agreement further expressly provides that Travelers is entitled to specific performance of the terms of the agreement.

The Substituted Defendants oppose the motion on several grounds. First, the Substituted Defendants dispute the validity of the Indemnity Agreement on the ground that their father lacked sufficient mental capacity to enter into a legally binding contract at the time that he signed the Indemnity Agreement. Additionally, they dispute (i) whether the Indemnity Agreement can "disclaim" the obligations of reasonableness, good faith, and fair dealing with respect to settlement payments or a collateral security demand; (ii) the reasonableness of the amounts paid to the City under the performance bonds; (iii) the reasonableness of the amount of collateral security demanded by Travelers; and (iv) whether Travelers has established the amount of attorney's fees and expenses it claims for additional recovery of money damages. The Substituted Defendants also request additional discovery on these four topics.

## II. Discovery Requests

In their Response in opposition to Travelers' motion, the Substituted Defendants request the following discovery:

- Expert witness testimony as to:
    - Jack H. Wells, Sr.'s mental capacity in December 2004
    - Whether additional public infrastructure work is necessary for the development that has already taken place on the Three Rivers Project;
    - The likely cost of any additional public infrastructure work necessitated by completed development;
    - The reasonable settlement value, if any, of the City of Murfreesboro's claims against Travelers; and
    - The reasonableness of the fees and expenses incurred or anticipated by Travelers in connection with the Indemnification Agreement; and
- Additional document requests and depositions related to:
    - The current status of the development;
    - The successor developer's plans for future development;
    - The City of Murfreesboro's position on the issues raised by the Substituted Defendants;
    - The facts underlying, and justifications offered for, the payments made to date by Travelers to the City under the bonds; and

o The facts underlying, and justifications offered for, the professional fees and expenses paid by Travelers and purportedly anticipated by Travelers.

The Substituted Defendants request this discovery because they assert that Travelers' settlement payments to the City and collateral demand are unreasonable under the circumstances.

Travelers has opposed the Substituted Defendants' requests for discovery, arguing that the Substituted Defendants had ample opportunity to conduct discovery both before the Motion for Summary Judgment was filed and before the Substituted Defendants filed their Response in opposition. Travelers also submits that, because the Substituted Defendants failed to file an answer to Travelers' Amended Complaint, let alone assert Wells' incompetence as an affirmative defense, the Substituted Defendants should not be permitted to challenge the enforceability of the Indemnity Agreement on the grounds of Wells' mental capacity. Five days after Travelers pointed out this deficiency, the Substituted Defendants filed an amended pleading asserting Wells' insufficient mental capacity as their second affirmative defense. (Docket No. 94.)

As an initial matter, the Substituted Defendants' Answer to the Amended Complaint is untimely. The Amended Initial Case Management Order directs the parties to file amended pleadings by November 1, 2013, and the Substituted Defendants' Answer to the Amended Complaint was filed on January 15, 2014. Accordingly, the Substituted Defendants' Answer to the Amended Complaint, which was filed without the requisite leave of court, will be stricken from the record.[3] The Substituted Defendants have therefore failed to plead their father's mental

---

[3] The Federal Rules of Civil Procedure require that, if a party wishes to file an amended pleading outside the period set by the operative case management order, the party must seek leave of the court to modify the schedule with a showing of good cause. Fed. R. Civ. P. 16(b)(3)(B)(iv). The Substituted Defendants failed to seek leave of the court or to submit any showing of cause. Therefore, their untimely Answer to the Amended Complaint will be stricken from the record.

incapacity as an affirmative defense to the Amended Complaint. Consequently, they are precluded from asserting that defense and conducting related discovery.

As to the Substituted Defendants' additional discovery requests, the court sees no reason to deny the Substituted Defendants an opportunity to gather additional information, including expert witness opinions, regarding the reasonableness of the amount of recovery sought by Travelers. The Substituted Defendants submitted their requests on October 28, 2013, well before the discovery period was set to close pursuant to the Amended Initial Case Management Order. Moreover, the sums sought by Travelers are significant and, as their counsel submits, the Substituted Defendants possess only limited knowledge concerning the transactions at issue. (Docket No. 76 ¶ 5.) Accordingly, given the complexity of the transactions and circumstances underlying this action, the plaintiff's Motion for Summary Judgment will be denied and the Substituted Defendants will be given a period of 60 days to conduct discovery, including expert witness discovery, as to the following subjects:

- Whether additional public infrastructure work is necessary for development that has already taken place on the Three Rivers Project;
- The likely cost of any additional public infrastructure work necessitated by completed development;
- The reasonable settlement value, if any, of the City of Murfreesboro's claims against Travelers;
- The reasonableness of the fees and expenses incurred or anticipated by Travelers in connection with the Indemnification Agreement;
- The current status of the development;
- The successor developer's plans for future development;
- The City of Murfreesboro's position on the issues raised by the Substituted Defendants;
- The facts underlying, and justifications offered for, the payments made to date by Travelers to the City under the bonds; and
- The facts underlying, and justifications offered for, the professional fees and expenses paid by Travelers and purportedly anticipated by Travelers.

Because the court finds that discovery is warranted on these issues, Travelers' Motion for Summary Judgment will be denied without prejudice, and the court makes no finding with regard to its merits. Upon conclusion of the discovery period set forth herein, Travelers may move again under Rule 56 based upon a more developed record.

**CONCLUSION**

For the reasons stated herein, the plaintiff's Motion for Summary Judgment will be denied without prejudice. It will further be ordered that the Substituted Defendants' Answer to the Amended Complaint be stricken from the record. Additionally, it will be ordered that the Substituted Defendants will have 60 days to engage in expert witness and other discovery as to the subjects specified in this Memorandum.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge